UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES RUFUS,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF CHICAGO, et al.<br><br>Defendants. | Case No. 18 C 7753<br><br>Judge John Robert Blakey |

**MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff James Rufus sues his employer, the City of Chicago, and Roberto Diaz, Elizabeth Williams, and Phyllinis Easter, under 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, and the Illinois Whistleblower Act (IWA), alleging that these Defendants violated the law when they refused to promote him in retaliation for filing a prior race discrimination lawsuit. The City has moved to dismiss the IWA claim in Count V, [68], and the Individual Defendants have moved to dismiss the § 1983 claims against them in Counts I, II, and III, [70]. For the reasons explained below, this Court grants both motions and dismisses Counts I, II, III, and V with prejudice.[1]

**I. Background**

    **A. The Second Amended Complaint's Allegations**

Plaintiff, an African American male, has, since 2010, worked as a custodian in the City's Department of Aviation at O'Hare International Airport. [64] at ¶¶ 5, 7.

---

[1] The City has not moved to dismiss Count IV, Plaintiff's retaliation claim, and that claim will proceed.

Defendant Diaz works as an assistant commissioner for the Department; Defendant Williams serves as a Terminal Manager for the Department; and Defendant Easter recruits for the City's department of human resources. *Id.* at ¶ 6.

In 2017, Plaintiff filed a lawsuit alleging that the City failed to promote him to foreman of custodians. *Id.* at ¶ 9. He alleges that, as a result of that lawsuit, Williams, Easter, and Diaz harassed and subjected him to retaliation. *Id.* at ¶ 10. Plaintiff asserts that Williams held a pre-disciplinary meeting with him regarding a false report that his co-worker (David Jurich) filed against him. *Id.* at ¶ 11. Plaintiff claims that Williams failed to discipline Jurich for filing the false report. *Id.* Plaintiff alleges that he filed additional complaints about Defendant Williams' behavior to the Director of Human Resources, non-party Argentene Hrysikos, and to the Office of Inspector General. *Id.* at ¶¶ 12, 14.

Sometime in 2017, Plaintiff took the written exam in order to apply for the position of foreman of custodians. *Id.* at ¶ 15. Plaintiff claims that, sometime in August 2017, after finding out who passed the written exam, he heard Diaz comment "I don't want neither one of those candidates can we do the test over." *Id.*

In September 2017, Diaz interviewed Plaintiff for the foreman position. *Id.* at ¶ 16. In November 2017, Plaintiff went to Hrysikos' office to inquire about his test scores, at which time Easter stated to Plaintiff "don't you have a pending case against us," and Plaintiff responded back stating "yes that's why I want to know my results because I might have to add this to my complaint." *Id.* at ¶ 13. A couple months later, in January 2018, Plaintiff found out that he was not chosen for the position.

2

*Id.* at ¶ 17. Plaintiff alleges that he was not chosen for the position because of his race and his 2017 lawsuit. *Id.* Plaintiff alleges that he spoke with OIG investigators in January 2018 to complain about Defendants' alleged harassment and retaliation. *Id.* at ¶ 18.

### B. Procedural History

Plaintiff initially brought suit in November 2018, [1], and amended his complaint in June 2019, [36]. The first amended complaint purported to state claims for violations of the equal protection clause against the individual Defendants, as well as Title VII retaliation and violations of the IWA against the City. *Id.* In January 2020, upon motion by the Individual Defendants, this Court dismissed the equal protection claims and granted Plaintiff leave to amend his claims against those Defendants. [59].

Plaintiff's second amended complaint asserts renewed equal protection claims against the individual Defendants (Count I, III, and III), as well as retaliation (Count IV) and IWA claims (Count V) against the City. [64]. The City moved to dismiss the IWA claim, [68], and the individual Defendants moved to dismiss the equal protection claims against them [70]. Although the Court gave Plaintiff ample time to respond to the motions, [82], he failed to do so.

## II. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide a "short and plain statement of the claim" showing that the pleader merits relief, Fed. R. Civ. P. 8(a)(2), so the defendant has "fair notice" of the claim "and the grounds

upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint must also contain "sufficient factual matter" to state a facially plausible claim to relief—one that "allows the court to draw the reasonable inference" that the defendant committed the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In evaluating a complaint under Rule 12(b)(6), this Court accepts all well-pleaded allegations as true and draws all reasonable inferences in the plaintiff's favor. *Iqbal,* 556 U.S. at 678. This Court, however, need not accept a complaint's legal conclusions as true. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). While courts construe pro se complaints liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers, the court need not credit a pro se plaintiff's "bald assertions or "legal conclusions." *Lehn v. Holmes,* 364 F.3d 862, 872 (7th Cir. 2004).

### III. Analysis

#### A. Forfeiture

Initially, Plaintiff's failure to respond to Defendants' motions to dismiss constitutes an independent basis to dismiss the challenged claims. *United States ex rel. Kalec v. NuWave Monitoring, LLC*, 84 F. Supp. 3d 793, 805 (N.D. Ill. 2015) (citing *Copeling v. Ill. State Toll Highway Auth.,* No. 12 C 10316, 2014 WL 540443, at *2

4

(N.D. Ill. Feb. 11, 2014)) ("By failing to respond to Defendants' motion to dismiss . . . Plaintiffs forfeit the issue."). *See also Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) ("Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning. An unresponsive response is no response. In effect the plaintiff was defaulted for refusing to respond to the motion to dismiss. And rightly so.") (citing *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir.1995); *Teumer v. General Motors Corp.*, 34 F.3d 542, 545–46 (7th Cir.1994); *Harris v. City of Auburn*, 27 F.3d 1284, 1287 (7th Cir.1994); *Brooks v. Ferguson–Florissant School District*, 113 F.3d 903, 905 (8th Cir.1997)). Accordingly, this Court dismisses Counts I, II, III, and V based upon Plaintiff's failure to respond. This Court will nonetheless address the merits of Defendants' arguments below.

      **B.    The City's Motion**

This Court first considers the merits of the City's motion to dismiss Plaintiff's IWA claim in Count V. [68]. In his second amended complaint, Plaintiff alleges that the City refused to promote him because he complained about misconduct to the OIG on several occasions, and that such refusal constitutes a violation of Section 15 of the IWA. [64] at Count V. Section 15(b) of the Illinois Whistleblower Act provides that an "Employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to

5

believe that the information discloses a violation of a state or federal law, rule or regulation." 740 Ill. Comp. Stat. Ann. 174/15(b).[2]

In moving to dismiss, the City argues that Section 2-201 of the Illinois Tort Immunity Act bars Plaintiff's claim. [68] at 3–8. That provision states:

> a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused.

745 Ill. Comp. Stat. Ann. 10/2-201. Although this section only expressly immunizes "public employees," Illinois courts hold that local public entities "are also clothed with immunity if their employees are not liable for the injury resulting from their acts or omissions." *LaPorta v. City of Chicago*, 277 F. Supp. 3d 969, 997 (N.D. Ill. 2017) (citing *Arteman v. Clinton Cmty. Unit Sch. Dist. No. 15*, 763 N.E.2d 756, 762–63 (Ill. 2002)); *see also Love v. City of Chicago*, 363 F. Supp. 3d 867, 872 (N.D. Ill. 2019); *Weiler v. Vill. of Oak Lawn*, 86 F. Supp. 3d 874, 885 (N.D. Ill. 2015). To demonstrate that immunity applies, the City must show that it engaged in both the determination of policy *and* the exercise of discretion in allegedly refusing to promote Plaintiff for complaining to the OIG. *Doe I v. Bd. of Educ. of City of Chicago*, 364 F. Supp. 3d 849, 866 (N.D. Ill. 2019); *Love*, 363 F. Supp. 3d at 872.

---

[2] Although Plaintiff does not specify whether he alleges a violation of Section 15(a) or (b), this Court notes that Section 15(a) concerns only disclosures to a court, administrative body, legislative commission or committee, or in "any other proceeding." 740 Ill. Comp. Stat. Ann. 174/15(a). Because Plaintiff's second amended complaint makes no reference to any of these categories, this Court presumes he intends to bring a Section 15(b) claim only.

Section 2-201 plainly applies here. Illinois courts have routinely dismissed complaints based upon injuries caused by "[m]unicipal decisions regarding the hiring, firing, discipline, and supervision of employees," because such actions "are discretionary policy decisions." *Graham v. Bd. of Educ. of City of Chicago*, No. 18 C 4761, 2019 WL 215098, at *6 (N.D. Ill. Jan. 16, 2019) (dismissing the plaintiff's claim for intentional infliction of emotional distress premised upon the City's initiation of removal proceedings against her); *Hill v. Cook County*, 463 F. Supp. 3d 820, 847 (N.D. Ill. 2020) (holding, on a motion to dismiss, that Section 2-201 immunized the defendants to the extent plaintiff alleged injuries stemming from negligent hiring decisions); *Consolino v. Dart*, No. 17-CV-09011, 2019 WL 4450498, at *10 (N.D. Ill. Sept. 17, 2019) (dismissing a retaliatory discharge claim against Cook County defendants because the "decision to fire an employee is a discretionary policy decision even if inspired by corrupt or malicious motives"); *Ellis v. City of Chicago*, 272 F. Supp. 2d 729, 735 (N.D. Ill. 2003) (dismissing the plaintiff's retaliatory discharge claim against the City because Section 2-201 immunized such a discretionary policy decision).

Here, Plaintiff's alleged injury stems from the inherently discretionary policy decision not to promote him to the foreman role. [64] at Count V; *see Wuerffel v. Cook Cty. Sheriff's Office*, No. 14 C 3990, 2019 WL 4674602, at *5 (N.D. Ill. Sept. 25, 2019) (characterizing a job promotion as a discretionary policy decision under Section 2-201). Thus, as in the above cases, Section 2-201 of the Act bars Plaintiff's IWA claim in Count V.

### C. The Individual Defendants' Motion

This Court next considers the Individual Defendants' arguments in support of their motion to dismiss. In Counts I, II, and III, Plaintiff attempts to hold the Individual Defendants liable pursuant to 42 U.S.C. § 1983 for violations of the equal protection clause. [64] at Counts I–III. The equal protection clause of the Fourteenth Amendment prohibits state action that "discriminates on the basis of membership in a protected class." *Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010).[3] To survive a motion to dismiss an equal protection claim, Plaintiff must plausibly allege that: (1) the City treated him differently based upon membership in a protected class; and (2) the City acted with discriminatory intent. *Word*, 946 F.3d at 396; *Doe v. Bd. of Educ. of City of Chicago*, No. 19 C 00263, 2020 WL 1445638, at *6 (N.D. Ill. Mar. 24, 2020). Plaintiff's equal protection claims fail against each Individual Defendant.

In Count I, Plaintiff alleges that Defendant Williams "skipped Plaintiff numerous times and prevented him from doing overtime" in retaliation for Plaintiff's 2017 lawsuit alleging race discrimination. [64] at Count I. As this Court previously explained in dismissing the same claims from Plaintiff's first amended complaint [59], the equal protection clause provides no right of action against generic retaliation claims, but rather only against retaliation "on the basis of a protected trait or because of [a plaintiff's] membership in a particular class." *Boyd v. Illinois State Police*, 384 F.3d 888, 898 (7th Cir. 2004); *see also Locke v. Haessig*, 788. F.3d 662, 672 (7th Cir.

---

[3] Under certain circumstances, the law also recognizes equal protection claims under a "class of one" theory, which requires a showing that an employer arbitrarily treated an employee differently than other similarly situated employees; that theory, however, is not viable in the public employment context. *Word v. City of Chicago*, 946 F.3d 391, 396 (7th Cir. 2020).

8

2015). As *Boyd* made clear, "retaliating against a person for filing charges of sex discrimination is not the same as discriminating against a person on grounds of sex." 384 F.3d at 898 (internal quotation marks omitted). Accordingly, the equal protection clause does not recognize claims based upon retaliation for participation in litigation, even when the litigation is based upon discrimination. *Id.* (holding that the plaintiff cannot substantiate an equal protection claims because he "has not asserted that [the defendant] retaliated against him on the basis of a protected trait or because of his membership in a particular class, but only because of his participation in this litigation"); *see also, e.g.*, *Schloss v. City of Chicago*, No. 18 C 1880, 2019 WL 6716613, at *4 (N.D. Ill. Dec. 10, 2019) (dismissing an equal protection claim based upon only allegations that the defendant retaliated against the plaintiff for filing an internal complaint and a federal lawsuit asserting sex discrimination).

Here, as in *Boyd*, Plaintiff claims only that Williams retaliated against him because he filed his lawsuit, not because of his membership in a protected class or because he embodies a protected trait. [64] at Count I. Thus, under *Boyd*, Plaintiff fails to state a cognizable equal protection claim against Williams.

Plaintiff's equal protection claim against Defendant Diaz (Count II) similarly fails. Plaintiff first asserts that Diaz, Williams' supervisor, knew of Williams' "harassment," but "failed to act to prevent Williams from engaging in such act." [64] at Count II. To the extent Plaintiff premises his claim upon this inaction, he fails to state a viable equal protection claim because he does not state that Diaz treated him differently based upon his membership in a protected class. *See id.*; *Word*, 946 F.3d

at 396. Plaintiff also asserts in Count II that Diaz retaliated against him by "giving him discipline without just cause" and "failing Plaintiff in the interview" for foreman due to Plaintiff's 2017 lawsuit and complaints to the OIG. [64] at Count II. But like his claim against Williams, Plaintiff's claim against Diaz fails because he does not connect Diaz's purported retaliation to his membership in a protected class, but rather to his filing of a lawsuit and submissions of internal complaints. *Boyd*, 384 F.3d at 898. This Court therefore dismisses Count II.

Finally, Plaintiff's equal protection claim against Defendant Easter also falls short. Plaintiff asserts in Count III that Defendant Easter violated the equal protection clause by "allow[ing] Diaz to not make a decision" about the foreman position until four months after Plaintiff's interview and by referencing Plaintiff's 2017 lawsuit when he asked her directly about his interview results. [64] at Count III. These allegations fail to plausibly allege differing treatment on the basis of Plaintiff's membership in a protected class or embodiment of a protected trait, and thus cannot support a viable equal protection claim. *Word*, 946 F.3d at 396.

**IV.    Conclusion**

Based upon Plaintiff's failure to respond to the motion to dismiss, and for the additional reasons explained above, this Court grants the City's partial motion to dismiss [68], and grants the Individual Defendants' motion to dismiss [70]. The Court dismisses Counts I, II, III, and V of the second amended complaint with prejudice. Count IV, alleging retaliation against the City, will proceed, and, on this claim the parties shall complete fact discovery by 5/11/21. The 4/13/21 telephonic status

10

conference stands. If the parties decide at any time that a settlement conference could be productive, they should call chambers to request one, and this Court will refer the case to the assigned Magistrate Judge for that purpose.

Dated: March 22, 2021

                                      Entered:

                                      _____
                                      John Robert Blakey
                                      United States District Judge